

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MOTA,<br><br>                              Plaintiff,<br><br>v.<br><br>CHRISTOPHER BIZOR, UNITED STATES ARMY, UNITED STATES OF AMERICA,<br><br>                              Defendants. | Case No.:  3:23-cv-2198-RBM-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. 5]** |

Defendant United States ("Defendant") has filed a Motion to Dismiss (Doc. 5) Plaintiff Richard Mota's ("Plaintiff") Complaint (Doc. 1).  Defendant: (1) moves to dismiss an individual Defendant and the United States Army as improper defendants; (2) moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on failure to exhaust; and (3) moves under Federal Rule of Civil Procedure 5 to dismiss for failure to properly serve the United States under Federal Rule of Civil Procedure 4(i).  (Doc. 5.)  Plaintiff has filed an Opposition agreeing to dismissal without prejudice of the improperly named defendants but arguing he should be given an extension of time to complete service and that he properly exhausted by filing an administrative claim with the Army.  (Doc. 6.)  Defendant has filed a Reply.  (Doc. 7.)

1

The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the Motion is **<u>GRANTED IN PART AND DENIED IN PART</u>**.

**I.     BACKGROUND**

**A.     Complaint**

Plaintiff alleges that his vehicle was struck by Christopher Bizor's vehicle on "Interstate Five (5) Highway, at or near Poinsettia Lane, in the City of Carlsbad" within San Diego County.  (Compl. ¶ 5.[1])  Plaintiff alleges Mr. Bizor was acting in the course and scope of his employment with the United States Army and was driving at a greater speed than he should have and in a "careless[], negligent[], and extrem[ly] reckless" manner that caused the collision.  (*Id.* ¶¶ 6–7; *see also id.* ¶¶ 11–15 (describing careless, negligent, and reckless manner of Bizor's driving that caused collision and injury, including mental anguish).)  He alleges the collision resulted in vehicle damage and that his injuries will continue to result in lost earnings and medical expenses.  (*Id.* ¶¶ 16–19.)

The Complaint alleges the following as to compliance with the Federal Tort Claims Act's ("FTCA") administrative exhaustion requirement: "[o]n or about April 7, 2022, Plaintiff submitted a claim to the United States Army; "the United States Army acknowledged receipt of the claim and expressly stated that the claim would be preserved under the [FTCA] or Military Cl[ai]ms Act;" and "[t]he United States [Army][2] did not expressly deny the claim and six months have passed."  (*Id.* ¶ 8.)

**B.     Procedural History**

The Complaint was filed on December 1, 2023.  (Doc. 1.)  On March 4, 2024, Plaintiff filed a proof of service that indicates the United States Army was served with the

---

[1] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for all other cites to the record unless otherwise noted.

[2] This is the first of two instances in the Complaint that refer to the "Postal Service" instead of the Army.  (Compl. ¶¶ 8, 12.)

2

summons on February 28, 2024.  (Doc. 3.)  Plaintiff filed another proof of service on June 19, 2025 indicating service at "880 Front Street, Room 6253 San Diego, CA 92101" on June 12, 2025.[3]  (Doc. 4.)  This Motion followed on August 14, 2025.  (Doc. 5.)

## II.    DISCUSSION

Defendant raises three issues in its Motion: (1) dismissal of improperly named defendants (Doc. 5 at 5–6); (2) dismissal for failing to exhaust administrative remedies under the FTCA prior to filing suit (*id.* at 4–5); and (3) dismissal of the Complaint for lack of complete and proper service (*id.* at 7).  As set forth below, the Court grants the Motion as to dismissal of the improperly named defendants, grants dismissal for lack of subject matter jurisdiction with leave to amend, and denies dismissal based on incomplete service and extends Plaintiff's time to complete service.

### A.    Dismissal of Improperly Named Defendants

The Complaint names the United States of America, the United States Army, and Mr. Bizor.  (Compl. ¶ 4.)  Defendant moves to dismiss the United States Army and Mr. Bizor because FTCA claims may not be brought against individual employees or federal agencies.  (Doc. 5 at 5–6.)  In Opposition, Defendant agrees.  (Doc. 6 at 6.)  He concedes "[t]he United States correctly notes that FTCA claims are actionable only against the United States itself, not the agencies or individual employees" and "does not oppose dismissal of the United States Army and Mr. Bizor in their official capacity under the FTCA."  (*Id.*)  Plaintiff argues, however, the "dismissal should be without prejudice, and Plaintiff should retain the right to maintain claims as appropriate under state law or other statutory remedies if applicable."  (*Id.*)

///

///

---

[3] This appears to be Plaintiff's service of the United States Attorney's Office for the Southern District of California.  One of the requirements for service on the United States. (*See infra* II.C.)

3

Here, Defendant did not specifically move to dismiss the United States Army or Mr. Bizor with prejudice. (Doc. 5 at 5–6.) Defendant sought dismissal of Mr. Bizor and the United States Army for lack of subject matter jurisdiction, and Defendant agrees they should be dismissed because "they are not subject to suit under the FTCA." (Doc. 5 at 6; Doc. 6 at 7.) The Court agrees. "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("dismiss[ing] all claims against the FDIC for lack of jurisdiction."). Plaintiff speculates about the need to avoid "penaliz[ing] plaintiffs for technical or procedural defects beyond their control" in arguing for a dismissal without prejudice but there is no explanation how Plaintiff could possibly bring tort claims against either Defendant. (Doc. 6 at 7.) However, in general a "dismissal for lack of subject matter jurisdiction is without prejudice" because "the merits have not been considered before dismissal." *Missouri ex rel. Koster v. Harris*, 847 F. 3d 646, 656 (9th Cir. 2017) (citations omitted).

Accordingly, the Court **DISMISSES** Mr. Bizor and the United States Army for lack of subject matter jurisdiction. As noted below, the Court is granting Plaintiff leave to amend the Complaint for purposes of attempting to demonstrate compliance with the FTCA's exhaustion requirement. (*See infra* II.B.) However, the dismissal of Mr. Bizor and the United States Army is **WITHOUT LEAVE TO AMEND** because any amendment would be futile. *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (Leave to amend "is properly denied … if amendment would be futile.")

**B.    Exhaustion of Administrative Remedies**

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues the Court lacks jurisdiction because Plaintiff has failed to comply with the exhaustion requirement of the FTCA. (Doc. 5 at 4–5 (Defendant asserts "the Army Claims Office closed the claim and received no further contact from [Plaintiff] or counsel on his behalf until this lawsuit was filed on December 1, 2023—the day before the statute of limitations would expire.")

3:23-cv-02198-RBM-JLB

Plaintiff argues his claim "had been pending" and was "neither denied nor acted upon within six months, as required by statute" (Doc. 6 at 5) and that "[p]rior counsel's withdrawal, over which Plaintiff had no control, temporarily paused the process" (Doc. 6 at 4).

### 1.   FTCA

The FTCA "waives the sovereign immunity of the United States for certain torts committed by federal employees 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (quoting *Smith v. United States*, 507 U.S. 197, 201 (1993)).  It "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted administrative remedies." *Id.* (quoting 28 U.S.C. § 2675(a)).  Under § 2675(a)'s exhaustion or claims presentment requirement, a plaintiff may not bring an action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  § 2675(a). "The purpose of requiring the plaintiff to file an administrative claim before bringing an action is to allow the agency to investigate the claim to determine whether it should be voluntarily paid or a settlement sought." *Poindexter v. United States*, 647 F.2d 34, 36 (1981).  "[A] claimant has two years after the cause of action accrues to file an administrative claim with the government agency responsible for the alleged injury." *Id.* (citing 28 U.S.C. § 2401(b)).

Here, there is no dispute that Plaintiff submitted an administrative claim to the Army. (Compl. ¶ 8; Decl. of Arthur M. Petrousian ("Petrousian Decl.") ¶ 2, Ex. A ("April 7, 2022 Letter") (Letter from the Army acknowledging receipt of the claim); *see also* Doc. 5 at 5 (Defendant acknowledges "Plaintiff presented his administrative claim to the Army on April 7, 2022") (citing Compl. ¶ 8))); *see also Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (Jurisdictional requirement of § 2675 "satisfied by (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and

3:23-cv-02198-RBM-JLB

(2) a sum certain damages claim."). Plaintiff's claim appears to have been timely because it was filed less than five months after the December 2, 2021 collision. (Compl. ¶¶ 5, 10 (collision); Doc. 6 at 15–16 (April 7, 2022 letter from the Army confirming receipt of the claim); Compl. ¶ 8 (claim submitted April 7, 2022).)

"If the administrative claim is denied, the claimant has six months to file an action in district court." *Id.* (citing § 2401(b)). "The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*; *see also Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 253 (E.D. Cal. 2011) ("As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually, or constructively by the agency's failure to act upon the claim within six months.") (citing 28 U.S.C. § 2675(a)). The absence of any denial by the Army also appears not to be in dispute. Plaintiff alleges it was never denied (Compl. ¶ 8; *see also* Petrosian Decl. ¶ 4) and Defendant has not submitted any documentation of denial of the claim by the Army. The only disputed issue is whether the April 7, 2022 claim was withdrawn.

### 2.    Rule 12(b)(1)

Before addressing Defendant's argument that Plaintiff did not comply with the FTCA exhaustion requirement because the claim was withdrawn, the Court addresses the type of Rule 12(b)(1) challenge before the Court. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* This does not appear to be a facial attack because Defendant does not argue the allegations of the Complaint are insufficient, however, it is also not clearly a factual attack because Defendant has presented no evidence to dispute the allegations of the Complaint.

///

///

3:23-cv-02198-RBM-JLB

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Defendant argues Plaintiff "failed to exhaust his administrative remedies before commencing this action" because he "withdrew his administrative claim and did not reopen it prior to filing suit." (Doc. 5 at 5; *see also* Doc. 5 at 2.) While Defendant's Motion goes beyond the allegations of the Complaint, as permissible for a Rule 12(b)(1) factual attack on jurisdiction, no evidence has been submitted in support. *See Safe Air for Everyone*, 373 F.3d at 1039 ("Once the moving party has converted the motion to dismiss into a factual motion *by presenting affidavits or other evidence properly brought before the court*, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.") (emphasis added). Defendant asserts in the Motion that the same day Plaintiff presented his claim, April 7, 2022, the Army sent a letter to his then counsel, Levin, requesting documentation. (Doc. 5 at 5.[4]) Defendant then aruges that Levin "did not respond and on June 22, 2022 … withdrew the claim and provided a letter to the Army (which was directed to [Plaintiff]) conveying that she no longer represented him and warned him of 'strict time limitations' which could 'forever bar' his claim." (Doc. 5 at 5 (citing "*See* Ex. 1, Ltr. [f]rom Levin to Mota dated May 12, 2022").) This letter was not filed in support of Defendant's Motion or Reply.

Despite the absence of evidence from Defendant, the Court proceeds to consider Defendant's argument for dismissal for lack of subject matter jurisdiction. As explained further below, the declaration from Plaintiff's current counsel, submitted in support of Plaintiff's Opposition, does not clearly indicate whether Plaintiff's April 7, 2022 claim was withdrawn, and Plaintiff still "bears the burden of establishing subject matter jurisdiction."

---

[4] The Court presumes this is the section of the April 7, 2022 letter from the Army that includes at the bottom of the first page a list of "information/documents which are required to properly investigate and adjudicate your claim." (Decl. of Arthur M. Petrousian ("Petrousian Decl."), Ex. A ("April 7, 2022 Letter") [Doc. 6 at 15].) This letter was submitted only by Plaintiff in support of his Opposition. (*Id.*)

7

3:23-cv-02198-RBM-JLB

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.") (citations omitted).

### a)      Withdrawal of the Claim

The only dispute appears to be whether Plaintiff withdrew his April 7, 2022 administrative claim, as argued by Defendant, or if it remained pending without any action by the Army, as seemingly asserted by Plaintiff. As noted above, the letter from Levin to Plaintiff has not been submitted, however, even as described, there are issues with Defendant's reliance on this letter alone to establish Plaintiff's claim was withdrawn. First, it is unclear how an attorney that withdrew from representing Plaintiff on May 12, 2022 had the authority to withdraw his administrative claim from the Army on June 22, 2022. Second, assuming Levin still had the authority to withdraw Plaintiff's claim on June 22, 2022, it is concerning that no other documentation of that withdrawal has been provided by Defendant. Unlike the unsubmitted May 12, 2022 letter, there are no references in the Motion to any other evidence showing Levin withdrew the claim, particularly while still representing Plaintiff.[5] Defendant has not submitted any records or documents from the Army indicating they were treating the claim as withdrawn or closed or otherwise notified Plaintiff of the Army's withdrawal or closing of his claim. Without any evidence or documentation, or even a declaration attesting to what the Army did with the claim, it is unclear if it was properly withdrawn or if the claim submitted on April 7, 2022 was simply never acted on by the Army, leaving Plaintiff the option to treat the claim as constructively denied and file a FTCA claim in this Court. *See* § 2675(a) ("The failure of an agency to

---

[5] It is not even clear from Defendant's argument how the claim was withdrawn, i.e. by phone, email, or other correspondence, because no documentation from the Army as to their actions has been submitted.

3:23-cv-02198-RBM-JLB

make a final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section.") (emphasis added).

However, Plaintiff's arguments and Plaintiff's counsel's declaration raise more questions than they answer. Some of Plaintiff's arguments suggest that the administrative claim was not withdrawn and others suggest it was, and Plaintiff's failure to address the issue directly leaves subject matter jurisdiction in question. First, it appears the claim was likely considered closed in some respect, at least by the Army. Plaintiff explains that after the claim was submitted, "Plaintiff's prior counsel … withdrew representation, which delayed the administrative process," suggesting the claim remained pending before the Army for decision, but then Plaintiff's counsel references Levin notifying Plaintiff of the consequences "of failing to *reopen* the administrative claim," suggesting it was at least closed if not withdrawn. (Petrousian Decl. ¶ 3 (emphasis added).) Plaintiff also asserts the claim "was neither denied nor acted upon within six months" and "the delay in agency action cannot be imputed to Plaintiff, particularly where prior counsel withdrew representation." (*Id.* at 5.) Plaintiff's current counsel attests that he "*reopened communications* and filed this action on December 1, 2023, well within the statute of limitations as filing an administrative claim tolls the statute of limitations indefinitely or until the Army takes final administrative action in writing on the claim." (*Id.* at 3.) What constituted "reopening communications" is unclear. Additionally, Plaintiff characterizes his counsel's "withdrawal, over which Plaintiff had no control" as "temporarily paus[ing] the process," although it is unclear if the withdrawal Plaintiff references is of the claim or prior counsel's withdrawal from representation of Plaintiff. (*Id.* at 4.) Plaintiff also argues "dismissal is not warranted when the agency has received a claim and failed to act for over six months" suggesting the claim remained pending before the Army for action. (*Id.* at 4–5.)

Although Defendant failed to present evidence on this issue, even Plaintiff's counsel's declaration and argument suggest the April 7, 2022 claim may have been

9

3:23-cv-02198-RBM-JLB

withdrawn. On this record, the Court is not convinced it has subject matter jurisdiction. Accordingly, the Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. However, because it is possible Plaintiff could cure this deficiency by more clearly articulating all the facts regarding submission of and any withdrawal of the April 7, 2022 claim, the Court will **GRANT** Plaintiff leave to file an amended complaint that explicitly and in detail addresses Plaintiff's compliance with § 2675(a).

**C.    Service**

Defendant moves under Rule 12(b)(5) to dismiss the Complaint for insufficient service of process. Defendant argues Plaintiff has not completed service as required by Federal Rule of Civil Procedure 4(i) because Plaintiff has not served the Attorney General. The requirements for service of the United States are detailed in Rule 4(i). Rule 4(i)(1) provides:

> To serve the United States, a party must:
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> *(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;* and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(emphasis added).

Based on a review of: (1) the two proofs of service Plaintiff filed that appear to serve the Army and the United States Attorney's Office for this District (Docs. 3–4); (2) Defendant's unchallenged assertion that the Attorney General has not been served (Doc. 5 at 7); and (3) the absence of a proof of service on the Attorney General, the Court concludes that Plaintiff did not complete service on the United States under Rule 4(i). Plaintiff does not dispute that he has not served the Attorney General but argues he "made reasonable

3:23-cv-02198-RBM-JLB

efforts to effect service in accordance with Rule 4(i) and requests an extension of time under Rule 4(m) to complete service.”

Rule 4(m) “requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause.” *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).  “District courts have broad discretion to extend time for service under Rule 4(m),” but it is not “limitless.” *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (reversing district court’s grant of extension of the time to serve after seven-year delay with no explanation from the district court why extension was granted). “In making extension decisions under Rule 4(m) a district court may consider factors “like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.” *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)).

Here, Plaintiff’s showing of good cause is not particularly persuasive.  (Doc. 6 at 7–9.)  Plaintiff primarily characterizes service deficiencies as “technical” and “minor” and asserts that he has been diligent without explaining what he has done to complete service or why he did not serve the Attorney General.  (*Id.* at 7–8.)  However, given the record reflects that Plaintiff did attempt to complete service by serving the Army and the United States Attorney’s Office (Doc. 3–4) and this partial service provided the United States notice of the case, the Court denies dismissal based on insufficient service under Rule 5. Plaintiff’s time to complete service is extended to no later than **April 10, 2026**.

### III.   CONCLUSION

The Motion to Dismiss (Doc. 5) is **GRANTED in part and DENIED in part**.  The United States Army and Mr. Bizor are **DISMISSED WITHOUT LEAVE TO AMEND**. The Complaint is **DISMISSED WITH LEAVE TO AMEND**.  If Plaintiff chooses to amend, the amended complaint must comply with this Order and address in detail any withdrawal of or closing of Plaintiff’s April 7, 2022 claim.  The amended complaint must be filed by **March 27, 2026**.  Plaintiff must complete service under Rule 4(i) on or before

3:23-cv-02198-RBM-JLB

**April 10, 2026**.  If Plaintiff files an amended complaint, Defendant shall respond to it by **April 17, 2026.**

IT IS SO ORDERED.

Dated:  March 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:23-cv-02198-RBM-JLB